White, J.
The action of the court below in sustaining the demurrer to the second defense, and in rendering final judgment against the plaintiffs in error, must be reversed.
The court of common pleas of Hocking county had, before the filing of the original petition in this case, acquired jurisdiction over the statutory individual liability of the plaintiffs in error, as stockholders in The Five-Mile Furnace Company, to enforce its collection for the benefit of all the creditors of the company, including the plaintiff below, without regard to the attempted assignment of such liability by the corporation, which was inoperative to transfer or affect such liability.
The object of the second defense is to set up the pendency of the suit in the Hocking common pleas as a bar, and to turn the plaintiff McCormack over to that action for his remedy; thus relieving the defendants of the burden of being required to respond in separate suits, instituted in different courts, for the enforcement of their liability.
The facts stated show the suit to have been instituted by the plaintiffs not for themselves alone, but for the equal benefit of all the creditors of the insolvent corporation; and *that the *87 object was to effect an equitable distribution of the assets of the corporation, and to subject to the payment of the creditors the statutory liability of all the stockholders; and that after exhausting the assets, and the aggregate liability of the stockholders, of twenty-five thousand dollars, a deficiency in the payment of the debts will still remain.
The averment that this statutory liability was included in the assignment and transferred to the general assignees of the corporation, had no legal effect; and the right of the plaintiffs instituting the suit, and of the other creditors, to enforce such liability in that suit, was unimpaired by the averment.
The statute under which the liability arises contains no provision in regard to the manner in which the liability is to be enforced. It is a provision inuring to the benefit of the creditors of the corporation; but in what way, and upon what principles of equity, as between creditors, and as between stockholders, it is to be made available, and under what circumstances resort may be had to it, are matters left for judicial determination, and on the consideration of which, beyond what may seem to be required by the case before us, wo arc not called on to enter.
The provision of the constitution on the subject is as follows:
“ Dues from corporations shall be secured by such individual liability of the stockholders, and other means, as may be prescribed by law; but in all cases, each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum at least equal in amount to such stock.” Art. 13, sec. 3.
The Five-Mile Furnace Company was organized under the act to provide for the creation and regulation of incorporated companies in the State of Ohio, passed May 1,1852, as amended April 17, 1854. Section 78, under which the liability arises, provides:
“ All stockholders of any railroad, turnpike, or plank-road, magnetic telegraph, or bridge company, or any joint stock company, organized under the provisions of this act, shall be deemed and held liable to an amount equal to their stock subscribed, in addition to said stock, for the purpose of securing 'Hhe creditors of such company; and the' trustees or directors of every society or association incorporated under section 66 of this act, shall be deemed and held individually liable for all debts contracted by *88 them for their respective societies or associations.” 1 S. & C. Stat. 310 ; 4 Curw. 2582.
The statute adopts the minimum liability allowable by the constitution, and was intended to make the constitutional provision effective.
The liability thus imposed on stockholders is not a primary resource or fund for the payment of the debts of the corporation. It is collateral and conditional to the principal obligation which rests on the corporation, and is to bo resorted to by the creditors only in case of the insolvency of the corporation, or where payment can not be enforced against it by the ordinary process. It is a security provided by law for the exclusive benefit of the creditors, over which the corporate authorities can have no control.
The liability on the part of the stockholders is several in .its nature, but the right arising out of this liability would seem to be intended for the common and equal benefit of all the creditors. But however this may be, we are unanimously of the opinion that, where proceedings are instituted by part of the creditors of an insolvent corporation against the stockholders, to enforce such liability for the benefit of all the creditors, no creditor can acquire priority, or institute a separate suit for the enforcement of such liability in his own behalf.
The final judgment of the common pleas, and the judgment sustaining the demurrer to the second defense are reversed, and the cause remanded for further proceedings.
Day, C. J., and Welch, Brinkerrhoee, and Scott, JJ., concurred.